UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Charles F. Gill,

    Plaintiff,

v.

Geoff Maciejewski, acting in
his individual capacity as an
officer of the University of
Minnesota Police Department.

    Defendant.

ORDER
Civil No. 05-2366

_____

    Eric Hageman, Flynn, Gaskins & Bennett, L.L.P. for and on behalf of Plaintiff.

    Jennifer L. Frisch, Associate General Counsel, University of Minnesota for and on behalf of Defendant.

_____

    This matter is before the Court upon the Defendant's motion for judgment as a matter of law ("JMOL"), collateral source set off or in the alternative for a new trial.

    1.  Motion for Judgment as a Matter of Law

    The moving party bears a heavy burden on its motion for judgment as a matter of law. Haynes v. Bee-Line Trucking Co., 80 F.3d 1235, 1238 (8th Cir. 1996)(citation omitted).  In considering the motion, the Court must (1) view the evidence in the light most favorable to the prevailing party; (2) assume that all

conflicts in the evidence were resolved in favor of the prevailing party; (3) assume as proved all facts that the prevailing party's evidence tended to prove; and (4) give the prevailing party the benefit of all favorable inferences that may reasonably be drawn from the facts proved.  Id.  After such consideration, the court must deny the motion if reasonable people could differ as to the conclusions to be drawn from the evidence.  Id.

Defendant asserts that no reasonable jury could return a verdict in Plaintiff's favor.  Applying the above standard, the Court finds that Plaintiff presented sufficient evidence to support his claims.  Morgan Kirvida testified that she observed the officer that was holding the pepper ball gun "forcefully drop his knee on Charlie's side of his face."  Hageman Aff, Ex. A p. 23.  While there is no direct evidence that Defendant kneed Plaintiff in the head on the night in question, there is sufficient circumstantial evidence for a jury to reasonably find that Defendant was that officer.  Sufficient evidence was also presented on the issue of causation.

Defendant further argues that Plaintiff did not present evidence that he sustained a constitutionally cognizable injury.  "An 'actual injury' must be shown to support an excessive force claim under the Fourth Amendment."  Hanig v. Lee, 415 F.3d 822, 824 (8th Cir. 2005) (citing Dawkins v. Graham, 50 F.3d 532, 535 (8th Cir. 1995)).  The Eighth Circuit has found that evidence of bruising, facial lacerations and transport to the hospital by ambulance sufficiently supports an

excessive force claim.  Dawkins, 50 F.3d at 535.  See also, Lambert v. City of Dumas, 187 F.3d 931, 936 (8th Cir. 1999) (small cut of lateral eyelid and small scrapes of right posterior knee and upper calf sufficient to support excessive force claim).  In this case, Plaintiff presented evidence that he suffered a concussion, bleeding on the brain and facial fractures.  These injuries strongly support his excessive force claim.

    Defendant argues a constitutionally cognizable injury is one that causes a permanent impairment, wage loss or loss of earning capacity.  Neither Lambert or Dawkins include these additional requirements.  The cases cited by Defendant in support concerned cases in which the asserted injury was caused by handcuffing.  Noting that "handcuffing inevitably involves some use of force", the court took into consideration the fact that the plaintiff did not suffer a permanent injury to his shoulder to determine whether or not the injury suffered was *de minimis*.  Wertisch v. Krueger, 433 F.3d 1062, 1067 (8th Cir. 2006).  See also, Crumley v. City of St. Paul, 324 F.3d 1003 (8th Cir. 2003) (handcuffing) ; Foster v. Metropolitan Airports Comm'n, 914 F.2d 1076 (8th Cir. 1990) (handcuffing).  As the asserted injury in this case was not related to handcuffing, and because Plaintiff's injury was severe, any references to permanence of injury or loss of earning capacity need not be taken into consideration in determining whether the Plaintiff suffered an actual injury.

2.  Collateral Source Cutoff

Defendant argues that pursuant to Minn. Stat. § 548.36, he is entitled to a set off for collateral source payments made on Plaintiff's behalf by his health insurer.  Plaintiff responds that as this case was brought pursuant to federal law, the state collateral source statute does not apply.  Rather, the common law collateral source doctrine applies to Section 1983 claims.  The Court notes that Defendant did not cite to any authority directly supporting this argument.

The purpose of the collateral source rule is to prevent the tortfeasor from paying twice.  Perry v. Larson, 794 F.2d 279, 286 (7th Cir. 1986) (citing Thomas v. Shelton, 740 F.2d 478, 484 (7th Cir. 1984)).  Accordingly, the Court finds Defendant is not entitled to a set off for payments made by Plaintiff's health insurer.

3.  Motion to Set Aside Verdict and for a New Trial

Defendant moves for a new trial pursuant to Fed. R. Civ. P. 59.  "A motion for a new trial is appropriately granted if the verdict is against the weight of the evidence and if allowing it to stand would result in a miscarriage of justice.  In re Air Crash at Little Rock, Ark., 291 F.3d 503, 508-09 (8th Cir. 2002).  To determine whether a verdict is against the weight of the evidence, the court may 'weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict."  White v. Pence, 961 F.2d 776, 780 (8th Cir. 1992).

> [T]he true standard for granting a new trial on the basis of the weight of the evidence is simply one which measures the result in terms of whether a miscarriage of justice has occurred. When through judicial balancing the trial court determines that the first trial has resulted in a miscarriage of justice, the court may order a new trial, otherwise not.

Id. (citation omitted).

Defendant argues he is entitled to a new trial based on erroneous jury instructions, and the erroneous exclusion or admission of evidence. The Court considered these issues prior to, and during trial, and Defendant has not demonstrated that its previous rulings constitute a manifest error of law. See, Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir.) cert. denied, 488 U.S. 820 (1988) (standard for motions for reconsideration).

Applying the standard above, the Court finds that a new trial is not warranted in this case.

IT IS HEREBY ORDERED that Defendant's Motion for Judgment as a Matter of Law, Collateral Source Set Off or in the alternative a New Trial [Doc. No. 70] is DENIED.

Date: September 18, 2007

                                                 s /Michael J. Davis
                                                 Michael J. Davis
                                                 United States District Court