UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Charles F. Gill,

    Plaintiff,

v.

Geoff Maciejewski, acting in his official capacity as an officer of the University of Minnesota Police Department,

    Defendant.

MEMORANDUM OPINION
AND ORDER
Civil No. 05-2366 (MJD/AJB)

_____

    Eric Hageman, Flynn, Gaskins & Bennett, L.L.P. for and on behalf of Plaintiff.

    Jennifer L. Frisch, Associate General Counsel, University of Minnesota, for and on behalf of Defendant.

_____

    This matter is before the Court upon Plaintiff's Motion for Attorney's Fees pursuant to 42 U.S.C. § 1988.

Background

    Plaintiff brought this action against Defendant, alleging that Defendant used excessive force against him on the night of January 1, 2005.  The matter went to trial, and the jury found that Defendant did use excessive force against Plaintiff and awarded him compensatory damages in the amount of $10,000.

Plaintiff sought, but was not awarded, punitive damages.  Plaintiff now seeks an award of attorney's fees and costs in the amount of $237,653.08.

Standard

**1.    Standard for Determination of Prevailing Plaintiff**

In any action brought to enforce 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."  42 U.S.C. § 1988(b).  "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."  Farrar v. Hobby, 506 U.S. 103, 111-12 (1992).  To be a prevailing party, a plaintiff "must 'succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'"  Forest Park II v. Hadley, 408 F.3d 1052, 1059 (8th Cir. 2005) (quoting Farrar, 506 U.S. at 109).

A plaintiff who wins only nominal damages is a prevailing party under § 1988.  Farrar, 506 U.S. at 112.  "A judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay."  Id. at 113.  While the amount of the award does not alter the prevailing party inquiry, it will bear on the propriety of fees awarded under § 1988.  Id. at

114.

In calculating the award, the court should first determine "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Simpson v. Merchants & Planters Bank, 441 F.3d 572, 580 (8th Cir. 2006) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  Next, the court must consider whether the prevailing party achieved success on all claims. Id.  If so, the "fee may be reduced, taking into account the most critical factor, 'the degree of success obtained,' with discretion residing in the district court." Id. (quoting Hensley, at 436-37)).

### 2.  Reasonableness of hourly rate and hours expended.

The Court has reviewed Plaintiff's counsel's submission.  The Court notes that Defendant does not challenge the hourly rates requested.  Counsel has submitted sufficient documentation demonstrating that such rates are reasonable.  Defendant has, however, challenged many of the claimed expenses.

For example, Defendant challenges the request for reimbursement for expert witness fees.  Section 1988 does not provide for such fees, except for cases brought pursuant to 42 U.S.C. §§ 1981 and 1981a.  42 U.S.C. § 1988 (b) and (c).  Accordingly, the cost request will be reduced for those expenses labeled as "expert witness fees" totaling $7,500.

Defendant also challenges those fees incurred prior to and during the criminal trial of the Plaintiff. Plaintiff's counsel claims such fees are not requested, but a review of the billing sheets indicates otherwise. The criminal trial took place April 21-25, 2005, yet counsel seeks reimbursement for hours expended on April 24 and 25, 2005. Most notably, counsel seeks reimbursement for 10 hours on April 25, 2005, yet the trial transcript shows that trial commenced in the morning of April 25, 2005, and did not conclude until the afternoon. As the civil action was not filed until October 7, 2005, the Court finds that any hours expended by Eric Hageman, criminal trial counsel, before and during the criminal trial should not be reimbursed. This results in a reduction in fees of $9,765.00, and costs of $739.58.

As to the remaining challenges asserted by Defendant as to hours expended, the Court finds such challenges have no merit.

### 3. Level of Success

While the Plaintiff in this case received more than nominal damages, the Defendant asserts that the $10,000 award bears on the extent of Plaintiff's success at trial. See Hensley, 461 U.S. at 440 (holding that the extent of plaintiff's success is a crucial factor in determining the proper amount of attorney fee award). Defendant argues that Plaintiff's limited success can properly be a basis for reducing the attorney fee award. See Loggins v. Delo, 999 F.2d 364, 369 (8th Cir.

1993) (finding that a reduction in the attorney fee award was not error where the plaintiff sought, but did not receive, punitive damages).

The Court finds, that given the facts of this particular case, the Plaintiff achieved significant success. Accordingly, the Court will not reduce the award because Plaintiff failed to obtain a larger compensatory award or punitive damages.

IT IS HEREBY ORDERED:

1. Plaintiff's request for attorneys' fees is **GRANTED** in the amount of $209,280.00.

2. Plaintiff's request for costs is **GRANTED** in the amount of $10,368.50.

3. Defendant is hereby **ORDERED** to remit to plaintiff a total amount of $219,648.50 for attorneys' fees and costs.

Date: October 23, 2007

s / Michael J. Davis
Michael J. Davis
United States District Court
